UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERYL A. MONTOYA

v.                                                            CASE NO. 3:13CV 131 (JCH)

CONNECTICUT HOME HEALTH SERVICES, LLC        May 17, 2013
SPINELLA & ASSOCIATES, P.C.

## PLAINTIFF'S OPPOSITION TO CHHS MOTION TO DISMISS

Plaintiff sued defendants for a single course of conduct: seeking payment from plaintiff for a debt she did not owe. That single course of conduct enables relief under the Fair Debt Collection Practices Act (FDCPA) as to defendant Spinella, and under the state law, such as the Creditor's Collection Practices Act (CCPA) as to Connecticut Home Health Services (CHHS).

CHHS moves to dismiss the two counts of the complaint that seek damages under state law for its "campaign to collect a balance allegedly due on the Services agreement from Mr. Nott's daughter, Sheryl A. Montoya." Complaint ¶ 7. Part of this campaign involved defendant Spinella sending a letter *on behalf of CHHS* demanding immediate payment and threatening suit. Complaint ¶ 9. Then, *both defendants* initiated suit. Complaint ¶ 10. Those two acts were engaged in jointly by defendant Spinella (who thereby violated the FDCPA) and CHHS, who thereby violated state law. As recognized by the ancient legal axiom, "Qui facit per alium facit per se" or "He who acts through another, acts himself."

This Court has virtually mandatory supplemental jurisdiction under 28 U.S.C. § 1367(a) ("shall"). Itar-Tass Russian News Agency v. Russian Kurier, Inc. 140 F.3d 442, 446 (2d. Cir. 1998). The complaint alleges that both defendants engaged in the same course of conduct (unlawful collection of an account that plaintiff did not owe) in virtually the same time frame, and the violations are parallel under the FDCPA and the almost identically worded CCPA.

As this Court ruled in Sullivan v. Metro-North R.Co., 179 F. Supp. 2d 2, 6 (D. Conn. 2002):

> Plaintiff's arguments are without merit. Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions which arise under federal law. The supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), in turn grants district courts jurisdiction over state-law claims which "form part of the same case or controversy" as the federal-law claims. . . . Applying these principles to this case, the Court has federal-question jurisdiction over Plaintiff's RICO claims because she has pleaded violations of 18 U.S.C. § 1962. The facts underlying Plaintiff's RICO claims are inextricably tied up with the facts giving rise to the state-law claims-indeed, the complaint incorporates the state-law allegations by reference in the two RICO counts-and so the Court has supplemental jurisdiction over the non-federal claims because they are all part of the same case or controversy.

See also Law v. City of Ansonia, 2005 WL 3132703 *1-2 (D. Conn. 2005) where this Court exercised supplemental jurisdiction in language applicable here:

> Here, Law's excessive force claim under federal law cannot be said to be merely peripheral to her negligence and indemnification claims, which are also based on the allegation that the defendants used excessive force in the process of transporting James Law. The proof, the standards of care, and the remedies sought, are likely to be identical for both the federal and state law claims. *See STT Global,* at 456. Thus the court finds that it does not have a basis for declining supplemental jurisdiction over the state law claims pursuant to section 1367(c)(2).

Judge Arterton's decision in Doe v. Norwich Roman Catholic Corp., 606 F. Supp. 2d 244, 245-46 (D. Conn. 2009) is to the same effect:

> As to Plaintiff's remaining grounds for remand, the Court does not have discretion to decline supplemental jurisdiction over the state-law claims because they neither "substantially predominate" over, nor are "separate and independent" from, the RICO claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 354, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); 28 U.S.C. §§ 1367(c)(3), 1441(c). With the federal- and state-law claims so closely related, the Court also may not sever and remand the state-law claims because doing so would not promote economy, convenience, fairness, or comity. *Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 214 (2d Cir.2004).

The Second Circuit cautions that declining jurisdiction in the circumstances here requires a compelling reason. No such reason is present here.

> On remand, the District Court should exercise its discretion pursuant to subsection 1367(c) in light of our decision in *Itar-Tass,* particularly the caution there expressed concerning use of subsection 1367(c)(4), 140 F.3d at 448. In order to decline jurisdiction on this basis, the District Court should identify truly compelling circumstances that militate against exercising jurisdiction.

Jones v. Ford Motor Credit Co., 358 F.3d 205, 215-16 (2d. Cir. 2004).

> The state law claims arise out of the same conduct as the FDCPA claim; they do not predominate the FDCPA claim; and they do not present novel or complex issues of state law. Further, Plaintiff has presented no compelling reason that the Court should decline to exercise supplemental jurisdiction.

Abby v. Paige, 2013 WL 141145 *4 (S.D.Fla.) (S.D. Fla. Jan 11, 2013). *See also* Hoyte v. Recheck Funding LLC, 2011 WL 6004582 *2 (D. Conn. 2011) (awarding damages under both the FDCPA and the CCPA).

CHHS notes that "These contract defenses would be more appropriate in the collection action in the Connecticut Superior Court." The Court can take judicial notice that there is no such collection action. Plaintiff need not await such an action to affirmatively assert the collection violations alleged herein.

## CONCLUSION

CHHS's motion should be denied.

                                THE PLAINTIFF

                                *Joanne S. Faulkner*

                                By:_____/s/ Joanne S. Faulkner_____

                                Joanne S. Faulkner ct 04137
                                123 Avon Street
                                New Haven, CT 06511
                                (203) 772-0395

`                                    3

Certificate of Service

I hereby certify that on May 17, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                ____/s/ Joanne S. Faulkner___

                                                JOANNE S. FAULKNER ct04137